**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CARLOS RECINOS-ORELLANA, | No. 11-72058 |
| Petitioner, | Agency No. A088-736-456 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 2, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Carlos Recinos-Orellana, a native and citizen of Honduras, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing his

appeal from an Immigration Judge's ("IJ") denial of his applications for asylum,

withholding of removal, relief under the Convention Against Torture, and

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

voluntary departure. We dismiss the petition for review as to Recinos's asylum claim for lack of jurisdiction.[1] As to Recinos's remaining claims, we have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Recinos's petition is governed by the credibility standards established by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). An adverse credibility determination may be based on "any inaccuracies or falsehoods" in the applicant's statements, regardless of whether they "go[] to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We review adverse credibility findings for substantial evidence, and must uphold them unless the evidence *compels* a contrary result." *Singh v. Holder*, 643 F.3d 1178, 1180 (9th Cir. 2011). The substantial evidence standard of review is "extremely deferential." *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

The BIA's determination satisfies this deferential standard. Substantial evidence supports the BIA's conclusion that Recinos was not credible. The IJ and BIA identified specific, cogent reasons for disbelieving Recinos. On this ground,

---

[1] Recinos does not argue on appeal that the BIA erred in determining that his asylum claim was time-barred. *See Ramadan v. Gonzales*, 479 F.3d 646, 649–50 (9th Cir. 2007) (per curiam) (explaining that this Court lacks jurisdiction over petitions for review of time-barred asylum claims unless one of two statutory exceptions applies).

we deny Recinos's petition as to his application for withholding of removal and protection under the Convention Against Torture.

We also deny Recinos's petition as to his application for voluntary departure. The record indicates that the IJ "heard, considered, and decided" Recinos's claim and that he "weigh[ed] both favorable and unfavorable factors." *Campos-Granillo v. INS*, 12 F.3d 849, 852 (9th Cir. 1994) (internal quotation marks omitted).

We need not, and do not, reach any other issue urged by the parties.

**DENIED in part and DISMISSED in part.**